## BARRY v. CRIMMINS et al.

(Supreme Court, Appellate Division, First Department. December 10, 1897.)

INJURIES TO EMPLOYE—EXCLUSION OF EVIDENCE.

     Plaintiff, being employed by defendant as a laborer, was sent to help build a "run" for sliding stones into a cellar. When it was put to use, a stone became stuck on the way down. Plaintiff was sent to free it, and was injured by the sudden starting of the stone. At the trial of an action for the injury evidence offered by plaintiff as to the ordinary method of transferring large stones from the sidewalk was excluded. It did not appear that he was an experienced workman, or had any special knowledge in respect to mechanical appliances for such work. *Held* that, as the accident might have happened because of improper appliances, the exclusion was error.

     Ingraham, J., dissenting.

Appeal from trial term.

Action by Edward Barry against John D. Crimmins and another for personal injuries. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, and INGRAHAM, JJ.

William McArthur, for appellant.

John Notman, for respondents.

VAN BRUNT, P. J. This action was brought to recover damages alleged to have been sustained through the "carelessness, negligence, and default of the defendants." It appeared upon the trial that for some little time prior to the 15th of April, 1895, the plaintiff had been employed by the defendants as a laborer. About three days before the happening of the accident he had been sent down from 116th street and Lexington avenue (where he had been working for the defendants) to the power house of the Broadway Cable Company, on Lexington avenue near 25th street, and he was there engaged helping in the construction of a run which was to be employed in sliding down certain large stones into the cellar of the building. The run being completed upon the 15th day of April, it was attempted to slide one of these stones down this run by means of rollers placed under the stone, the stone being held back by a rope controlled by workmen at the top of the run. One of these rollers having become crooked, and the stone sticking on that account, by direction of the foreman the plaintiff went down upon the run and knocked the roller straight. As he did so, in consequence of the sudden slackening of the rope, the stone started down the run, the plaintiff was caught by the roller and injured, and it is for the damages sustained in this way that the action was brought. The plaintiff offered evidence as to the ordinary method in which large stones intended for foundations were transferred from the sidewalk. This evidence was excluded. The witnesses, however, by whom the plaintiff sought to establish this proof, were not objected to because of their want of qualification to testify upon that point, except in one instance, and even in that instance, when it was attempted to qualify the witness, the evidence was objected to and excluded.

The rule is too well settled to need the citation of authorities that an employer is bound to furnish suitable instruments with which the employé is to work and a suitable place for the carrying on of that work. It is also equally well settled that the employé takes the ordinary risks of the employment, and, where the danger is as patent to him as to the employer, he takes the risk of such danger. It is sought to justify the ruling in question upon the ground that the plaintiff had been clearly shown to be an experienced workman, accustomed to the quarrying, handling, and moving of stones, including the putting of the same into cellars, having had 35 or 40 years' experience in this city at such work, and that he voluntarily placed himself in front of the stone, and knocked the roller straight, which, of course, would tend to start the stone in motion if any slack was permitted in the rope by his fellow servants who were holding the same, and that, therefore, the defendants were not liable. We think that in this proposition there is an assumption that there is evidence in this case that the plaintiff was an experienced workman, and as such must be deemed to have had knowledge of any defects, if any, in the contrivance which he assisted in building for the sliding of the stones down into the cellar. It is true that the evidence shows that the plaintiff had been engaged in the handling of stones, loading them upon cars and sometimes putting them into cellars. But there is no evidence whatever that he was to be classed as an experienced workman, or that he acted in any other capacity than that of an ordinary laborer in respect to such work, or that he had any special knowledge or skill in respect to mechanical appliances used in the placing of such large masses of stone in cellars of the character of that of the power house on Lexington avenue. If, therefore, the proper and customary method of moving and placing in position such stones as these was different from that resorted to by the defendants, and the method used by the defendants was not reasonably well adapted for the purpose to which it was devoted, and the defects in the method adopted were not open and apparent, so that the plaintiff was as well aware of the defects as the defendants, and the plaintiff was injured by reason of such imperfection while obeying directions in reference to the conduct of the work, he would be entitled to recover. For the purpose of establishing this point, evidence of persons who were conversant with the business, and had been accustomed to the appliances ordinarily used for the handling of these large masses of stone, was competent in order that the jury might judge as to whether the proper appliances had been used or whether the defendants had been guilty of negligence in that regard. It may be, as is claimed upon the part of the defendants, that the accident did not happen through any inadequate or improper appliances, but was due solely to the manner in which the plaintiff and his fellow servants acted in handling the stone, and to his placing himself directly in front of it. The accident may have happened because of the negligence of the fellow servants of the plaintiff who held the rope and permitted it to get slack at the time he was straightening the roller. But it may not have thus happened. On the contrary, it may have happened

without any negligence on their part, and solely because the appliances were inadequate and improper; in other words, because these employés were unable to hold the stone back in consequence of the inadequate and improper apparatus. The question on that head was for the jury. But the plaintiff was precluded from attempting to show that appliances were proper for the moving and placing in position of stones of the character which were being operated upon at the time he was injured. This, as we have seen, was a material element in his case, upon which he had a right to go to the jury. If permitted to introduce the evidence in question, he might possibly have established that the appliances used were entirely unsuitable, and that it was because of such unsuitability that he was injured, and not through any negligence upon his part or that of his fellow servants. The exclusion of this evidence seems to have been error prejudicial to the plaintiff, and necessitates the granting of a new trial.

Judgment reversed, and new trial ordered, with costs to the appellant to abide event. All concur, except INGRAHAM, J., dissenting.